Ellen C. Dove, Esq., (SBN 06434)
5325 Elkhorn Blvd., #160
Sacramento, CA 95842
Telephone: (916) 331-0111
Fax: (916) 726-8576
Email: edove3136@aol.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HULDAH (MELODY) DONALDSON,<br><br>Plaintiff,<br><br>v.<br><br>KAISER CALL CENTER (Arden Way), KAISER PERMANENTE, INC., JENNIFER MILLIKAN, and DOES 1 – 20,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES FOR DISCRIMINATION AND WRONGFUL TERMINATION, (VIOLATION OF ADA, ADEA, VIOLATION OF 42 USC 2000e 42 USC 1983, and CALIFORNIA GOV'T CODE 12940, et seq.)<br><br>(INCLUDING PUNITIVE DAMAGES)<br><br>DEMAND FOR JURY TRIAL |

COMES NOW the Plaintiff HULDAH (aka Melody) DONALDSON, by and through her attorney, Ellen C. Dove, and as her Complaint against the Defendants states and alleges as follows

## I. PARTIES

1. Plaintiff is a citizens of the State of California and resides within the County of Sacramento, within the Eastern District of California.

2. Defendant Kaiser Call Center on Arden Way in Sacramento is a medical facility staffed by nurses and others that provides telephonic services to its members to provide information and answer questions and is located in the Eastern District of California.

3. Defendant Kaiser Permanente, Inc., is a corporation operating medical facilities, including the Call Center within the State of California and the Eastern District of California,

organized and existing under the laws of the State of California, doing business in the Eastern District of California, and having its principal place of business in Oakland, California.

4. The named individual defendant, JENNIFER MILLIKAN, is a Human Resources Manager and is an employee of Kaiser Permanente who performed personnel functions for defendant hospital in relation to plaintiff.

5. The Doe defendants are employees and agents of Kaiser Permanente who were involved in the harassment of plaintiff and requested or approved her wrongful termination.

## II.   JURISDICTION AND VENUE

6. This court is the proper venue for the action under 28 USC 1391 (b) in that the actions complained of herein occurred and were committed in the Eastern District of California.

7. This Court has original jurisdiction over the subject matter of this action pursuant to 28 USC Section 1331, 42 USC §2000e, the Americans With Disabilities Act of 1990 (ADA), 42 USC Section 12101, et seq., and 29 USC 621 (ADEA), 42 USC 1983, civil rights including the First, Fifth and Fourteenth Amendments to the United States Constitution, as the issues raised by Plaintiff involve substantial questions of federal law.  Further, the Court may adjudicate Plaintiff's state law claims under 28 USC Section 1367, as they are transactionally related to the federal claims raised herein.  By exercising supplemental jurisdiction over these state claims, this Court will be able to resolve both state and federal claims that are factually interdependent.

8. Multiple charges of employment discrimination on various bases were filed by plaintiff with the California Department of Fair Employment and Housing (DFEH) and concurrently with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the discovery of the commission concluding acts of the continuing unlawful employment practices alleged herein.   Two Notice of Case Closure and Right to Sue notices were issued to plaintiff by the DFEH regarding discrimination, harassment, retaliation and wrongful termination based upon disability, age, and racial discrimination.  This complaint has been filed within one year of the latest right to sue letter.

9. Plaintiff is a "person" within the meaning of §101(7) of the ADA, 42 U.S.C. §12111(7), and §701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, and

applicable sections of the ADEA 29 USC 626, and defendant hospital is an employer covered by these acts. At all relevant times, Plaintiff was over the age of forty years and a person entitled to protection from age discrimination under 29 USC 621-634, the Age Discrimination in Employment Act.

10. Defendant employs hundreds of employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. §12111(5)(A) and all other relevant Code sections.

11. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5(f)(3), have occurred or been complied with.

## III. FACTUAL BASES OF THE CLAIMS

12. Plaintiff is a registered nurse with 33 years of employment with Kaiser Permanente. She last worked at Kaiser Morse in the Call Center which handles telephone contacts from subscribers with medical questions. She is over the age of 50 years. Plaintiff had disabilities and injuries from poor medical treatment while a patient of Kaiser; her employer refused to reasonably accommodate her and ultimately terminated her when she could have continued working with the accommodation they cancelled. In addition to the employer's failure to accommodate her disability, she experienced discrimination and retaliation based upon her age, race, and participation in free speech, in making complaints to her employer

13. During her employment with Kaiser, plaintiff performed her jobs with skill and dedication. She regularly received positive evaluations, with the highest of ratings. Prior to the termination of her employment, and in particular after she initiated a complaint about lack of accommodation and submitted it to the DFEH.

14. Plaintiff submitted a claim to the DFEH dated June 3, 2009, recorded as received on June 4, 2009. This complaint was designated by the DFEH as E200809E-1554-00-pe and by the EEOC as 37AA909537 and raised the issue regarding Kaiser's discontinuance of her accommodation on March 18, 2009. Plaintiff was not suspended and withdrew that complaint in favor of an attempt to resolve her accommodation needs through her own efforts. She made a concerted effort to resolve her claims on her own in an informal manner. In her complaint she described what happened to her as "Kaiser harassed the living daylights out of me."

15. After she made her first claim, she was retaliated against for making that claim. That claim arose from her suspension and her employer's decision to terminate the accommodation it had been providing for a medical condition that was a result of a negligent surgical procedure she experienced at Kaiser in 2000. Plaintiff was allowed to continue working after March 18, 2009, but her employer refused to continue honoring her doctor's prior recommendation.

16. In some fashion, her employer alerted her Kaiser treating doctor of her work situation. Then they further interfered with her relationship with her physician and sent him letters with the hope he would change his recommendation and approve only one (1) additional 20-30 minute break. That is exactly what happened. Without the accommodation, by November, 2009, plaintiff had to take a medical leave as a result of all Kaiser's illegal and distressing maneuverings. She was subjected to further discriminatory treatment following the submission of her DFEH complaint. On August 8, 2011, plaintiff was denied accommodation and told not to come back to work.

17. On February 8, 2012, she submitted a new DFEH complaint based in part upon the retaliation she had experienced following the submission of her first claim. This claim for employment discrimination and harassment was based on her suspension from the workplace when her employer refused to continue a long-standing and required accommodation and apply it or another one to her shortened hours.

18. That claim focused on discrimination in violation of the protections of the Americans With Disabilities Act (ADA), but it did not include, because she did not then recognize elements of the Age Discrimination in Employment Act (ADEA), or the role of other types of discrimination in her unfair treatment. [DFEH #E2011- 12E0815 and EEOC #E2011-37AB-2012-09297C]   Upon her recognition of additional improper motivations, plaintiff attempted to augment her complaint to include claims of discrimination based on age and race. The investigator clarified he could not consider those later claims as the motivations cited by her as reasons for the discrimination, because they were not within the scope of the investigation arising from the matters raised in that subject complaint.

19. This second complaint concluded April 4, 2013, after the investigation found aspects of discrimination based on the ADA issue that was being considered. On plaintiff's request for a

right to sue letter, that complaint was closed, at the conclusion of a failed mediation that could not address the supplemental claims. By this time she had been on suspension, without pay, for more than one year.

20. Plaintiff is a person of color. The actions taken against her had racial overtones. In her first DFEH complaint she did not raise the issue of violation of her civil rights and interference with the exercise of her First and Fifth Amendment freedoms as she did not yet recognize the discriminatory connection or motivation of her employer from the events and incidents that had occurred at that time.

21. On December 28, 2012, while her second claim was pending and continued in active investigation, her employer fired her. It gave as a reason her alleged unwillingness to participate in its sham placement program it called an "Interactive Process." In this program, the employer pretends to explore with the employee other positions to better accommodate the employee's disability. This had failed with her before, as her employer desired its in this sham process, and because her need for unscheduled break time would continue regardless of her job. In fact, the Call Center position she had was the best placement for a nurse with her medical condition and physical needs.

22. Although recognizing its sham nature, she again agreed to participate in the inappropriate process. She asked to attend a meeting with her attorney present. She was told she could not have her attorney present, and if she insisted upon her attendance, she would be fired. She insisted on her right to bring a chosen representative, and **she was fired.** Following the wrongful termination that occurred on December 28, 2012, a third complaint was submitted to the DFEH October 16, 2013, claim #7150-74924, which engendered an immediate Notice of Case Closure and Right to Sue letter, allowing plaintiff bring a suit on all the new and cumulative issues she had raised in the third complaint she submitted.

## IV. CLAIMS FOR RELIEF

23. Plaintiff alleges defendant Call Center and its parent corporation adopted a discriminatory policy of harassing and then terminating employees who had special physical needs and required accommodation, especially those employees who spoke up and complained about the lack of appropriate accommodation they were receiving. This policy became evident once it was put into practice in 2006 or thereabouts. In this regard, plaintiff brings her claims for

relief under the cited federal and state employee protection laws. Defendants acted intentionally to harass and intimidate plaintiff and with knowledge of the discriminatory and retaliatory result they sought and achieved. Plaintiff contends the individual defendant and Does were acting wrongfully and within the course and scope of their employment, knowingly directed by or with the acquiescence of their employer to carry out its intentional discrimination.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (*VIOLATION OF AMERICANS WITH DISABILITIES ACT*)

24. Plaintiff incorporates the above paragraphs as though more fully set forth herein.

25. The American's with Disabilities Act of 1990, 42 U.S.C. 12100, et seq., prohibits employers from discriminating against individuals because of their disabilities. Discrimination includes harassment, intimidation, and retaliation against those who have made a claim or taken a medical leave of absence. Defendant discriminated against Plaintiff, a qualified individual with a disability, when it failed to provide reasonable accommodation and then retaliated against her because she had made a claim or complaint. Defendant Kaiser Morse subjected her to adverse employment actions, harassing and hostile work conditions, and then wrongful discharge.

26. From August 8, 2011, until her termination on December 28, 2012, defendant placed plaintiff on an involuntary disability leave. Although she was an individual with a qualified "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2), she could and had been working and could have continued to do so as long as she was provided an accommodation. More particularly, she had an impairment for an extended period of time that substantially limited one or more of her major life activities, had a record of such impairment, and was regarded by Defendant as having had such an impairment.

27. Prior to plaintiff's termination, in order to carry out its wrongful plan, defendant commenced a course of conduct designed to appear to justify the intended termination. This course of conduct included harassment, denial of accommodation and termination for plaintiff and other employees with disabilities. This conduct was commenced at a time when plaintiff was not

abusing her break time during her work days; defendant employer was not justified in removing the accommodation, and refused to agree to any reasonable alternative plaintiff suggested.

28. Defendant Millikan willingly carried out this intentional discrimination on behalf of her employer, continually invading her medical privacy, interfering with and influencing her medical treatment, refusing to allow needed accommodation [the right to take needed unscheduled restroom breaks], making unfair and unlawful demands, and ultimately firing her instead of returning her to the workplace, at least for a trial period, to explore reasonable variations of the requested accommodation, including comp time. Defendants' actions were malicious and oppressive and intended to harm plaintiff. She should be awarded punitive damages in this regard.

**SECOND CAUSE OF ACTION**

***(DISCRIMINATION AND WRONGFUL TERMINATION IN VIOLATION OF ADEA)***

29. Plaintiff incorporates the above paragraphs as though more fully set forth herein.

30. Plaintiff began working for Kaiser in June 18, 1979, and was wrongfully terminated on December 28, 2012, when she was 59 years old. Plaintiff is an individual entitled to protection of the Age Discrimination in Employment Act. She is over 40 years of age and Defendant company employs more than 20 persons. Defendants discriminated against plaintiff and terminated her in violation of 29 USC 621-634. The asserted reason provided for terminating plaintiff was false and pretextual. Defendants terminated plaintiff based in whole or in part upon her age, but offering a different albeit reason.

31. Plaintiff had been engaged in protected activities including in particular complaining about unfair treatment and a sham Interactive Process/policies and the refusal of Kaiser administration and management to adhere to the policies and processes it promulgated and failing to act within the law and the U.S. Constitution.

32. Defendant Kaiser's course of conduct included harassment, denial of accommodation and termination for plaintiff and other employees who were more than 40 years of age. Older employees with disabilities were specifically singled out for discrimination or, at least, this unfair treatment was more common and manifest with older employees. Defendants' actions were

malicious and oppressive and intended to harm plaintiff, and she should be awarded punitive damages in this regard.

**THIRD CAUSE OF ACTION**

(DISCRIMINATION BASED UPON RACE)

33. Plaintiff incorporates the above paragraphs as though more fully set forth herein.

34. Plaintiff is an Jamaican American woman and entitled to protections from racial discrimination under 42 USC 2002(e) and other federal and state statutes. Defendants refused to continue her needed accommodation based in whole or in part upon her race as accommodations were not favored for persons of color. Thereafter, defendants terminated plaintiff based in whole or in part upon her race, but offering a different and false reason.

35. This course of conduct included harassment, denial of accommodation and termination for plaintiff and other employees who were persons of color. Racial and ethnic employees with disabilities were specifically singled out for discrimination or, at least, this unfair treatment was more common and manifest with employees who obviously were persons of color or ethnic minorities. Defendants' actions were malicious and oppressive and intended to harm plaintiff and she should be awarded punitive damages in this regard.

**FOUTH CAUSE OF ACTION**

**(*WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY*)**

36. Plaintiff incorporates the above paragraphs as though more fully set forth herein.

37. Plaintiff was terminated solely on the excuse defendant was no longer willing to accommodate a medical condition its negligent physicians caused some years back, in 2000. The prohibition embodied in federal and state statutes, to refrain from terminating employees for discriminatory reasons, is a well-established public policy. It is a violation of those policies to discriminate based upon age or race or in retaliation for having made a complaint to the DFEH and a request for accommodation. Plaintiff became noticeable as a person, in Kaiser's eyes, who was a malcontent when she requested a continuation of her accommodation after she began working reduced work hours due the to stress engendered by her employers.

38. Knowing of this public policy as a personnel department employee, Jennifer Millikan harassed, pressured, suspended and finally fired plaintiff when Ms. Donaldson asked to bring counsel as a witness to a meeting at the Kaiser facility. Plaintiff has suffered financial and emotional distress and has been harmed by the acts of the corporate and individually named defendants committed with fraud, malice and oppression, and she is entitled to punitive damages.

**FIFTH CAUSE OF ACTION**

(DISCRIMINATION AND RETALIALTION BY INDIVIDUAL DEFENDANTS IN VIOLATION OF FEDERAL AND STATE LAW)

39. Plaintiff incorporates the above paragraphs as though more fully set forth herein.

40. Plaintiff was discriminated against for reporting violations of the ADA she suffered. She was retaliated against for seeking, unsuccessfully, accommodation for her disabilities and suffered unwarranted adverse employment actions, and a wrongful termination. This denial of her rights and refusal to provide needed accommodation and the resulting retaliation were performed by Jennifer Millikan and the individual Doe defendants acting separately and in concert, at the request and direction to carry out the unlawful policies of defendant employer. Ms. Millikan issued an unconstitutional ultimatum to plaintiff, attend the sham meeting without her requested representative or be fired. This edict was unfair and violative of Kaiser's own processes and the employee agreements in force for nurses like plaintiff.

41. Plaintiff suffered extreme emotional and financial distress and has been harmed by the acts of the corporate and individually named defendants and she should be fully compensated for her injuries. Defendants' actions were malicious and oppressive and intended to harm plaintiff and she should be awarded punitive damages in this regard.

**VI.**

**RELIEF REQUESTED**

Plaintiff requests the judgment of this Court against Defendants as follows:

(1) Find and hold Plaintiff has suffered from Defendants' acts of discrimination;

(2) For money damages in an amount in excess of $100,000;

(3) Award Plaintiff punitive damages to serve as an example in an amount to be determined at trial of this matter;

(4) Award Plaintiff statutory attorney fees, including litigation expenses, and the costs of this action; and

(5) Grant such other and further relief as may be just and proper.

(6) Plaintiff demands trial by jury.

Dated:  December 23, 2013                    LAW OFFICES OF ELLEN C. DOVE


                                             BY:    /s/ Ellen C. Dove
                                                    ELLEN C. DOVE, Esq.
                                                    Attorney for Plaintiff